By tbe Coufti.
There is no error in the proceed-1 mgs.
Judgment affirmed;
The second was the following:
Griffeth sued Sloan on a covenant to convey íaéd on demand. The declaration assigned as a breach of the covenant* “• that the defendant, although often requested, had not conveyed,” &c;
The defendant put in the pled thathe had nót broken Ms covenám ; óñ whibh «issue ivas joined; He alsO pleaded thathe had been always ready and willing to convey, but that the plaihtiffhad ribt demanded a deed, and then made a tender and proferí of a deed in court.
The plaintiff replied thathe did by u himself dr agent, icferriattcf a conveyance, “ Viz. oil the - — — day of ——-—; before the suing oütthe original writ in this case on ivhich issue was taken; aiid op a demurrer to evidence judgment wás rendered for the plaintiff;
The defendant appealed, and assigned the following errors : “ That there was no legal demand laid bf the deed which the appellant covenanted to make — —That there Was rio demand laid at the appellants house of the deed he agreed to make;
“ The issue joined on the first plea, is wholly iriirha-ferial 5 the covenant being to make the deed on request* *10 and the issue being whether he iriade the deed at all,*n& request being averred.”
In declaring on a central for ike confiyar.ee of lard on i.tmana, a demand Jbould be prc-'ijely al-legui in yoint of -tmie and place.
The Court affirmed the judgment.*

 The order book does not fhow the reafons upon which the court gavfc the.ír óecihoní in thefe cafes. In Bridges vs. Hardgrove, Pr. Dec. 153, and Vanarsdale vs. Craig, ibid, 321, it was decided that in declaring on a contract fór conveying land on demand, it was necefiary that the demand íheuld bé . “ precisely alleged;, in point of time'and .place,” ánd “ that the general allegation that he. has often'been required, is not fufficient,” A like dtcifion was aUo-given in the cafe of Stafford vs. Trimble, Spring term, 1809
The declaration in this latter cafe was therefore delé&ive y but the court iruft have confidered this omiffion fupplied by the averment of a demand made in the replication, and the JiTue taken theteon ; and that the locfe form ill which the averment was therein made, though it would have been bad on fpe-cial demurrer, was cured after verdict by the ftatures of jeofails — See acts of 1796, p 24, § 28, 1 Brad. 226—acts of 1799, ch. 28, § 7, p. 58-See also Robinett vs. Morris's adm'r. poft.
But if rhe court had been of opinion that the law required the demand to have been made at the reiidence of the defendant, it Was matter of fubftance, not of form, ?.nd theomifhon to ftateit would not have been cured by verdidt* —See Chambers vs. Winn, Pr. Dec. 192 and poft, Letcher vs. Taylor, poft.